ROBERT JAMES KING, JR., BY HIS NEXT FRIEND, ROBERT J. KING v. ELIZABETH S. STOUT
AND
ROBERT JAMES KING v. ELIZABETH S. STOUT.

(Filed 28 September, 1960.)

APPEAL by defendant from *Bundy, J.*, March Term, 1960, of DUPLIN.

Robert James King, Jr., a minor, sustained severe and permanent injuries resulting from a collision between an automobile and a tractor-trailer, when riding as a guest passenger in a family purpose automobile owned by defendant and driven by her minor son. The first action is by Robert James King, Jr., who sues by his father as next friend, to recover damages for personal injuries. The second action is brought by Robert James King, father of Robert James King, Jr., to recover damages for loss of his unemancipated son's earnings during his minority and for expenses incurred for necessary medical treatment.

The two cases by consent of all the parties were tried together. The following issues, to which there is no exception, were submitted to the jury, and answered as appears:

"ISSUES AND VERDICT (First Case).

"1. Was the plaintiff, Robert James King, Jr., injured by the negligence of the defendant, as alleged in the Complaint?

ANSWER: Yes.

"2. What damages, if any, is the plaintiff entitled to recover on account of his injuries?

ANSWER: 18,900.00.

"ISSUES AND VERDICT (Second Case).

"1. Was the plaintiff, Robert J. King, damaged by the negligence of the defendant as alleged in the Complaint?
ANSWER: Yes.
"2. What damages, if any, is the plaintiff entitled to recover?
ANSWER: 3341."

Separate judgments were entered in each case in accordance with the verdict. From these judgments defendant appeals.

*Rivers D. Johnson, Jr., and Vance B. Gavin for plaintiff, appellee.*
*John G. Dawson and Albert W. Cowper for defendant, appellant.*

PER CURIAM. The jury, under the application of well settled principles of law, resolved the issues of fact against the defendant. While appellant has numerous assignments of error to the admission of evidence over her objections and exceptions, and six assignments of error to the charge, a careful examination of all her assignments of error discloses no new question or feature requiring extended discussion. Neither reversible nor prejudicial error has been made to appear. All of defendant's assignments of error are overruled. The verdict and judgments will be upheld.

No error.